The opinion of the Court was delivered by
Tilghman C. J.
Had the charge been, that great regard should be paid to the return of the surveyor, and that even slight proof of lines or corners marked, would justify the jury in presuming, that the survey was made as returned, I should have heartily agreed with it. But I think it was going too far to say, that although only one line was run and marked, it was sufficient. Were the question only between the Commonwealth, and a person who had paid for the land, especially if a patent had issued, there would be great reason for holding the return to be sufficient evidence of a survey. But this case is different where a third person is concerned. In the present instance, for example, the defendant relying on the lines which were marked, might have innocently taken up the land in contest, as vacant. I say it might have been so; whether it was so, I know not, for that was a fact disputed. It has been usual for surveyors not to make an actual running of the closing line; they leave that open, in order to enable them to correct the survey, if necessary, when they have calculated the quantity of land included in the lines; they then close the survey on paper, and sometimes shorten or lengthen one of the lines, in order to make the quantity correspond with the warrant. This practice is very convenient, and has been sanctioned by long usage. But to return a survey, altogether different from that which was run and marked, is what I suppose never to have been practised, and what cannot be justified. There is no doubt but a survey regularly made, and not returned, may be relinquished, and another made and returned instead of it. And if that was done by the plaintiff, it was all very well. Neither should I object to a charge which pressed upon the jury, the propriety of presuming, that a sworn officer had told the *295 truth, if even a few marks on the ground were in correspondence with the survey returned. But in the case now under consideration, it was laid down, I think too peremptorily, that it was a good survey, although only one line was run and marked. The law, with respect to the running and marking of surveys will be found correctly explained, in the cases of Nicholas’s lessee v. Holliday, 2 Sm. L. 256. Drinker’s lessee v. Holliday, 2 Sm. L. 255, and Toder’s lessee v. Flemming, 2 Sm. L. 256. I am of opinion, that it should have been left to the jury to decide, whether a survey, according to the return, had or had not been made. That not having been done, the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.
It is proper to mention, that the opinion of the late Judge Yeates, who heard the argument in this case, corresponded with that which I have just delivered.